```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**LISA JANE GRAHAM,**

                          **Petitioner,**

         **v.**                                       **CASE NO. 03-3075-SAC**

**RICHARD KOERNER, et al.,**

                          **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2254. Having reviewed the record, which includes respondents' answer and return and petitioner's traverse,[1] the court finds this matter is ready for decision.

Petitioner alleges constitutional error in her criminal action in Saline County District Court, 98-CRM-1532, wherein she was convicted of making a criminal threat, battery, and criminal trespass. The Kansas Court of Appeals affirmed the convictions in petitioner's direct appeal, and the Kansas Supreme Court

---

[1] On March 25, 2005, the court granted respondents' motion to dismiss the petition, finding the custodial requirement for proceeding under 28 U.S.C. 2254 was not satisfied, and noting petitioner's apparent procedural default in presenting her claims to the state courts. In a mandate docketed in this court on September 29, 2005, the Tenth Circuit Court of Appeals reversed that final order and judgment, and remanded the case for further proceedings. On remand, this court directed respondents to file an answer and return.

denied further review. The sole issue raised in that direct appeal was whether petitioner's rights to a fair trial and to a unanimous jury verdict were violated by the trial court's failure to give the jury a unanimity instruction regarding the underlying criminal act that constituted the criminal threat alleged in the charging document.

Petitioner thereafter filed a motion for post-conviction relief under K.S.A. 60-1507, alleging numerous underlying grounds to her claim that she was denied the effective assistance of counsel during her trial and direct appeal. The state district court judge summarily denied the motion, finding petitioner was no longer serving the sentence imposed in 98-CRM-1523, but rather was confined on a sentence imposed in a subsequent criminal action, 99-CRM-1253. Significantly, petitioner filed no appeal from the denial of relief on her ineffective assistance of counsel claim.

Instead, approximately seven months later petitioner filed a second 1507 motion in which she again claimed she was denied the effective assistance of counsel during her trial and direct appeal. This time, petitioner further alleged misconduct by the prosecutor in his closing argument, and error by the trial court in not instructing the jury on lesser included crimes. The state district court summarily dismissed the petition as successive, and for the reason already stated by that court in dismissing petitioner's earlier post-conviction motion. Although petitioner filed a notice of appeal in her district court case, no appeal

was ever docketed in the Kansas Court of Appeals.

Petitioner then filed the instant habeas action in federal court, alleging the denial of effective assistance of counsel, prosecutorial misconduct, and the state court's failure to instruct the jury on lesser included offenses.

Respondents contend that habeas review of the petition is barred by petitioner's procedural default in presenting these claims to the state courts for review.  The court agrees.

"In all cases in which a state prisoner has defaulted [her] federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991).  *See also*, Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993).

Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule.  Murray v. Carrier, 477 U.S. 478, 495-96 (1986). The prejudice prong requires the petitioner to show that she has suffered actual and substantial disadvantage as a result of the default.  *See* United States v. Frady, 456 U.S. 152, 170 (1982). The prejudice prong is not satisfied if there is strong evidence of petitioner's guilt.  Id. at 172.

To be excused from a procedural default on the basis of the fundamental miscarriage of justice exception, a prisoner must supplement her constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994).

In the present case, petitioner first contends there is no procedural default because her service of consecutive state sentences satisfies the "in custody" requirement for seeking relief under 28 U.S.C. 2254. The court rejects this broad contention.

"A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. 2254(a). However, the judge may not issue the writ if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. One 'state ground' often asserted as an adequate, independent basis for holding a state prisoner in custody is a state-law 'procedural default,' such as the prisoner's failure to raise [her] federal claim at the proper time." Edwards v. Carpenter, 529 U.S. 446, 454-55 (2000)(concurring opinion)(*citing* Wainwright v. Sykes, 433 U.S. 72, 81-88 (1977)).

Accordingly, even if petitioner satisfies the "in custody" requirement for seeking relief under § 2254, habeas review of petitioner's claims can still be barred by petitioner's procedural default in presenting her claims to the state courts

4

for full review.  Although petitioner has exhausted state court remedies in the sense that no state remedies are now available on the claims asserted in her post-conviction motions, her failure to comply with state rules for filing an appeal from the denial of post-conviction relief constitutes a procedural default of her state court remedies.  *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)("state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"); Coleman, 501 U.S. at 732 (a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion ... [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

Federal habeas review of petitioner's claims thus is barred unless she can demonstrate either "cause and prejudice" to excuse her procedural default in the state courts, or that a "fundamental miscarriage of justice" will result if her claims are not considered.  The court finds neither showing is made in this case.

Petitioner essentially argues counsel during her criminal trial and direct appeal failed to preserve or raise claims of constitutional deprivation based on the alleged misconduct of the prosecutor and the trial court's failure to properly instruct the jury.  Attorney error amounting to constitutionally ineffective

assistance of counsel can constitute "cause" for a prisoner's procedural default. *See* Coleman, 501 U.S. at 754; Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998). However, an ineffective assistance of counsel claim asserted as cause must be presented as an independent claim to the state courts. Hawkins v. Mullin, 291 F.3d 658, 670 (10th Cir. 2002). If, as in this case, that independent claim of ineffective assistance of counsel was itself procedurally defaulted, then petitioner must establish cause and prejudice for *that* default before that independent claim of ineffective assistance of counsel can serve as "cause and prejudice" for her other defaulted claims. *See* Edwards, 529 U.S. at 453.

Petitioner states only that she was unaware of her legal right to appeal the denial of relief on her first post-conviction motion, and that the state district court failed to provide a certified file stamped document for petitioner's docketing of her appeal from the denial of her second post-conviction motion. However, petitioner's pro se status and ignorance of the rules and the law are insufficient to establish "cause" for procedural default, and evidence no "objective factor external to the defense" that impeded her compliance with the state procedural rules. *See* Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992)(*quoting* McCleskey v. Zant, 499 U.S. 467, 493 (1991)). Nor does petitioner identify any resort to state remedies for obtaining the necessary documents for perfecting her state court appeal.

As a result, petitioner demonstrates no cause and prejudice for her procedural default in presenting her habeas claims to the state courts, and the record does not support a finding that manifest injustice will result if these claims are not considered.  The court thus concludes petitioner's application for a writ of habeas corpus should be denied because federal habeas review of petitioner's claims is barred by petitioner's procedural default.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED:  This 15th day of December 2005, at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge